UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:13-cv-10470-NMG

| | |
|---|---|
| PATRICIA COSTANZO, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| INNSEASON VACATION CLUB, LLC, INNSEASON MANAGEMENT, INC., CURRAN MANAGEMENT SERVICES, INC. and KWC MARKETING, LLC, | ) ) ) ) ) |
| Defendants. | ) |

## DEFENDANTS' ANSWER TO SECOND AMENDED CLASS ACTION COMPLAINT

Defendants InnSeason Vacation Club, LLC, InnSeason Management, Inc., Curran Management Services, Inc., and KWC Marketing, LLC (collectively "Defendants"), hereby answer the Second Amended Class Action Complaint and Jury Demand filed by Patricia Costanzo, individually and on behalf of all others similarly situated, ("Plaintiff") in the above-captioned matter as follows:

### NATURE OF THE ACTION

1.      Defendants admit that they operate and/or perform marketing services for InnSeason Resorts.  Defendants admit that they utilize hand-dialed telephone calls as a method to contact potential customers who may have an interest to tour or visit a property operated by InnSeason Resorts, during which tour or visit the customer may be offered the opportunity to purchase an interest in a property operated by InnSeason Resorts.  Defendants admit that they promote InnSeason Resorts during such telephone calls.  Defendants deny during any telephone contact proposing that a consumer purchase a time-share interest associated with InnSeason

{K0504787.1}

Resorts or offering to sell to a consumer a time-share interest associated with InnSeason Resorts. Defendants deny the remainder of allegations in the paragraph, and call upon Plaintiff to prove the same at trial.

2. Defendants admit that they utilize telephone calls to potential customers for the purpose of promoting InnSeason Resorts. Defendants deny the remainder of the allegations contained in the paragraph, and call upon Plaintiff to prove the same at trial.

3. Denied.

4. Denied.

5. Denied.

6. Plaintiff's statements concerning the purpose of the enactment of TCPA state legal conclusions and legal arguments, for which no answer is required. Defendants deny the remainder of the allegations contained in the paragraph, and call upon Plaintiff to prove the same at trial.

## PARTIES

7. Defendants lack sufficient knowledge to admit or deny the allegation, and call upon Plaintiff to prove the same at trial.

8. Denied that InnSeason Vacation Club, LLC "does business throughout the United States." Defendants admit the remainder of the allegations in the paragraph.

9. Denied that Curran Management Services, Inc. "does business throughout the United States." Defendants admit that Curran Management Services, Inc. formerly conducted business in Massachusetts, but that any such current business, if any, is minimal.

10. Denied that InnSeason Management, Inc. "does business throughout the United States." Defendants admit the remainder of the allegations set forth in the paragraph.

11. Denied that KWC Marketing, LLC "does business throughout the United States." Defendants admit the remainder of the allegations set forth in the paragraph.

12. Defendants deny that InnSeason Vacation Club, InnSeason Management, and Curran Management Services are "closely interrelated companies" who share "numerous executives" and "together, along with other non-party entities, comprise InnSeason Resorts" as alleged. The remainder of the allegations purportedly pertain to documentary materials or information, which speaks for itself.

## JURISDICTION AND VENUE

13. The allegation states a legal conclusion, for which no answer is required.

14. The allegation states a legal conclusion, for which no answer is required.

## COMMON FACTUAL ALLEGATIONS

15. Defendants admit that InnSeason Resorts operates vacation resort properties located in Maine, Massachusetts and New Hampshire. Defendants deny the remainder of the allegations set forth in the paragraph and call upon Plaintiff to prove the same at trial.

16. Defendants admit that they contact potential time-share customer leads to promote InnSeason Resorts. Defendants admit that they contact potential customers and offer promotions as an incentive to customers who are willing and voluntarily choose to visit resort properties and attend sales presentations. Defendants deny the remainder of the allegations in the paragraph, and call upon Plaintiff to prove the same at trial.

17. Defendants admit that they utilize raffles at various venues to obtain customer leads. Defendants admit that customers are presented with a simple form to complete and submit if the customer chooses to participate. Defendants deny the remainder of the allegations set forth in the paragraph, and call upon Plaintiff to prove the same at trial.

18. Denied.

19. Defendants admit that they place hand-dialed telephone calls to certain potential customer leads based upon information voluntarily provided by certain customers at the various venues. Defendants deny the remainder of the allegations set forth in the paragraph, and call upon Plaintiff to prove the same at trial.

20. Defendants admit that they sort by certain demographics customer leads voluntarily provided by customers at the various venues. Defendants deny the remainder of the allegations set forth in the paragraph, and call upon Plaintiff to prove the same at trial.

21. Denied.

22. Denied.

23. Denied.

24. Defendants admit that they may leave voice messages if a customer lead does not answer a telephone call. Defendants deny the remainder of the allegations set forth in the paragraph, and call upon Plaintiff to prove the same at trial.

25. Denied.

26. Denied.

27. Denied.

28. The allegation purports to pertain to a document, the terms of which speak for itself, and for which no answer is required. To the extent that an answer is required, Defendants deny the allegations, and specifically deny any false representations to any consumer or potential customer lead.

29. Denied.

## FACTS SPECIFIC TO PLAINTIFF COSTANZO

30. Defendants admit that Plaintiff attended a fair in New Hampshire in September 2012. Defendants admit that at the fair, Plaintiff visited a booth that was promoting a raffle in which any participant could win a possible cash prize through a scratch-ticket drawing. Defendants deny that the booth did not contain any signage or other information indicating an association with Defendants. Defendants deny that there was no notice to attendees that entering into the raffle would possibly result in receiving telephone calls related to time-share resorts. Defendants deny the remainder of the allegations set forth in the paragraph, and call upon Plaintiff to prove the same at trial.

31. Defendants admit that Plaintiff voluntarily completed an entry form with her contact information and voluntarily entered it into the raffle. Defendants lack sufficient information to admit or deny the remainder of the allegations set forth in the paragraph, and call upon Plaintiff to prove the same at trial.

32. Defendants admit that Plaintiff placed on the entry form for the purpose of being contacted personal information to include Plaintiff's residential and cellular telephone numbers. Defendants deny that Plaintiff provided her information to be contacted "if she won the raffle." Defendants lack sufficient knowledge to admit or deny the remainder of the allegations set forth in the paragraph, and call upon Plaintiff to prove the same at trial.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Defendants lack sufficient knowledge about Plaintiff's boyfriend necessary to admit or deny the allegation, and call upon Plaintiff to prove the same at trial. In further answering, Defendants deny making any statements in any subsequent telephone call to any customer lead in substance stating that they have won any raffle.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

## CLASS ALLEGATIONS

46. Defendants deny that Plaintiff states any basis to assert any class action on behalf of herself, a class, and/or any subclass.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

## COUNT I
### Violation of the TCPA, 47 U.S.C. § 227(c)(5)
### (On behalf of the Plaintiff, the Do Not Call Class, and the Do Not Call Revocation SubClass)

52. Defendants repeat and incorporate by reference their answers to paragraphs 1 through 51 as if each were fully set forth herein.

53. The allegation purports to state a legal conclusion, for which no answer is required.

54. The allegation purports to state a legal conclusion, for which no answer is required. The allegation also pertains to documentary materials in the form of regulations, the terms of which speak for themselves, and for which no answer is required.

55. The allegation purports to state a legal conclusion, for which no answer is required. The allegation also pertains to documentary materials in the form of regulations, the terms of which speak for themselves, and for which no answer is required.

56. The allegation purports to state a legal conclusion, for which no answer is required. The allegation also pertains to documentary materials in the form of regulations, the terms of which speak for themselves, and for which no answer is required.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff and putative class members fail to state a claim upon which relief can be granted as a matter of law against Defendants.

### Second Affirmative Defense

Plaintiff and putative class members have no standing to bring the claims set forth in the Second Amended Complaint.

### Third Affirmative Defense

Plaintiff and putative class members fail to satisfy all essential elements required for class certification necessary to maintain any class action in this matter.

### Fourth Affirmative Defense

Because Plaintiff as the representative of the putative class fails to state a cause of action against Defendants as a matter of law, no class action can be maintained and the putative class action must be dismissed.

### Fifth Affirmative Defense

Plaintiff and putative class members consented to the telephone calls alleged in the Second Amended Complaint.

### Sixth Affirmative Defense

Defendants did not willfully and intentionally contact Plaintiff or any other consumer who was properly registered on a federal Do Not Call list.

**Seventh Affirmative Defense**

Defendants immediately ceased all further telephone contact with Plaintiff or any other putative class member upon receipt of an express request to no longer engage in any further telephone contact, or otherwise made further contact by mistake.

**Eighth Affirmative Defense**

Defendants maintained and implemented written policies and procedures intended to comply with all statutes and regulations concerning telephone contact with consumers, and are not liable for any incidental or unintentional contact in violation of any Do Not Call list.

**Ninth Affirmative Defense**

Defendants complied with all applicable statutes and regulations with respect to any telephone contact with Plaintiff or any putative class member.

**Tenth Affirmative Defense**

Defendants expressly and conspicuously informed Plaintiff and all putative class members of the purpose of any promotional activities.

**Eleventh Affirmative Defense**

Defendants did not contact Plaintiff or any putative class members thirty (30) days after informing Defendants that they did not wish to receive telephone calls from Defendants.

**Twelfth Affirmative Defense**

Defendants did not offer to sell any products or services to Plaintiff or any putative class member during any telephone call, and Defendants did not request Plaintiff or any putative class member to purchase any products or services during any telephone call.

**Thirteenth Affirmative Defense**

Defendants did not make more than one telephone call within any 12-month period to Plaintiff or any putative class member who may have been registered with the National Do Not Call Registry.

**REQUEST FOR RELIEF**

WHEREFORE, Defendants request this Honorable Court to:

1. Dismiss all counts of the Second Amended Complaint with prejudice;

2. Enter judgment in favor of Defendants against Plaintiff on all counts of the Second Amended Complaint;

3. Dismiss Plaintiff's claims and the putative class claims with prejudice;

4. Enter an order denying certification of the Class and/or Subclass as defined, denying the appointment of Plaintiff as representative of the Class, and denying the appointment of Plaintiff's counsel as Class Counsel;

5. Award Defendants fees and costs incurred in defending this action; and,

6. Grant such other and further relief as this Court deems just and proper.

Respectfully submitted,
**INNSEASON VACATION CLUB, LLC,**
**INNSEASON MANAGEMENT, INC.,**
**CURRAN MANAGEMENT SERVICES, LLC, and**
**KWC MARKETING, LLC**
By its attorneys,

/s/ Peter F. Carr, II
Peter F. Carr, II (BBO# 600069)
Tyson E. Hubbard (BBO# 672385)
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**
Two International Place, 16th Floor
Boston, Massachusetts 02110
Telephone: 617.342.6800
Facsimile: 617.342.6899

Date:  June 7, 2013          E-mail:  PCarr@eckertseamans.com

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

                                         /s/ Peter F. Carr, II
                                         Peter F. Carr, II

Dated:  June 7, 2013